IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,**

        Plaintiff,

        v.

**FRANK O'CONNOR AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF BRYAN O'CONNOR, TELECA
CARLSON, GCC BEND LLC,** d/b/a THE
BEND RADIO GROUP, MIDTOWN
EVENTS, LLC**,**

        Defendants.

**Civ. No. 6:19-cv-01805-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff Allstate Property and Casualty Insurance Company brings this action for declaratory judgment against Defendants Frank O'Connor as Personal Representative of the Estate of Bryan O'Connor,[1] Teleca Carlson, and GCC Bend. Pl.'s Compl., ECF No. 1. This case involves a narrow issue regarding whether Plaintiff is required to indemnify the estate of the insured, Bryan O'Connor, in Ms. Carlson's sexual assault claim against the Estate in state court. *See id.* at 13. Plaintiff moves for summary judgment declaring that it is not obligated to provide coverage. Pl.'s Mot. 2., ECF No. 39. Defendants argue that a reasonable juror could find that Mr. O'Connor did not act intentionally or criminally and that his negligence caused Ms. Carlson's damages. Def.'s Resp. 2, ECF No. 43.[2]

---

[1] This Court entered an Order of Default against Frank O'Connor on August 20, 2020. ECF No. 46.
[2] Ms. Carlson joins in GCC Bend's response. Def.'s Resp. 1–2, ECF No. 44.

1 – OPINION AND ORDER

Because there is no genuine dispute of material fact regarding whether Mr. O'Connor's actions were intentional, criminal, or an occurrence, Plaintiff's Motion for Summary Judgement (ECF No. 39) is GRANTED.

### BACKGROUND[3]

Defendant GCC Bend hosted a Halloween Celebration called the "2015 Monster Ball" on October 30, 2015. Pl.'s Compl. 4. Ms. Carlson alleged in a case pending in Deschutes County Circuit Court that Mr. O'Connor, a GCC Bend employee, sexually assaulted her during the event. *Id.* at 2–3. Plaintiff had previously issued a homeowner's insurance policy to Mr. O'Connor. *Id.* at 8. Plaintiff filed a complaint on November 8, 2019 seeking declaratory relief establishing its rights under the policy and declaring that Plaintiff is not obligated to indemnify Mr. O'Connor's estate for Ms. Carlson's claims against him in state court. *Id.* at 13.

### STANDARDS OF REVIEW

A court must grant summary judgment if the moving party shows that "there is no genuine dispute as to any material fact" and is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could find in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The Court reviews evidence and draws inferences in the light most favorable to the nonmoving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the nonmoving party must present "specific facts showing that there is a *genuine issue*

---

[3] I view the facts in the light most favorable to Defendants, the non-moving party. *See Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

Plaintiff argues that it has no duty to indemnify Mr. O'Connor because his conduct is excluded from coverage and does not constitute an "occurrence" under the policy. Pl.'s Mot. 2.

Because this case turns on the interpretation of an insurance policy, this Court must ascertain the intention of the parties to the policy. *See Hoffman Constr. Co. of Alaska v. Fred S. James & Co. of Oregon*, 313 Or. 464, 469 (1992) (citing *Totten v. New York Life Ins. Co.*, 298 Or. 765, 770 (1985)). The Court first turns to the language of the policy. *Id.* (citing ORS § 742.016 (providing that, except in cases not relevant here, "every contract of insurance shall be construed according to the terms and conditions of the policy.")). If the terms and conditions of the policy are ambiguous following a plain meaning review, the court considers the terms and conditions in the particular context used and then, if necessary, in the context of the policy as a whole. *Id.* at 470. If any ambiguity remains—meaning if two or more plausible interpretations of the term remain—the court resolves the ambiguity against the drafter and in favor of the insured. *Id.* at 470–71. Courts examine the policy language from the perspective of the ordinary purchaser of insurance. *North Pacific Ins. Co., v. American Mfrs. Mut. Ins. Co.*, 200 Or. App. 473, 478 (2005) (internal quotations and citations omitted). The insurer has the burden of proof to show any loss is excluded, and "any ambiguity in an exclusionary clause is strictly construed against the insurer." *Stanford v. Am. Guar. Life Ins. Co.*, 280 Or. 525, 527 (1977) (citations omitted).

Here, the policy states that Plaintiff will pay "damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which [the] policy applies, and is covered by this part of the policy." Foley Decl.

Ex. 2, at 40, ECF No. 40. The policy does not cover "any **bodily injury** or **property damage**
intended by, or which may reasonably be expected to result from the intentional or criminal acts
or omissions of any insured person." *Id.* at 41–42. This exclusion applies even if "[s]uch **bodily**
**injury** or **property damage** is of a different kind or degree than intended or reasonably
expected." *Id.* at 42. The exclusion also applies regardless of whether the insured is charged with
or convicted of a crime. *Id.*

In the underlying state court case, Ms. Carlson alleges that Mr. O'Connor forcibly
engaged in oral and digital sexual acts and unprotected sexual intercourse with her in a locked
room while she was passed out and/or blacked out. Foley Decl. Ex. 1, at ¶ 28. These alleged acts
constitute first degree rape. *See* ORS § 163.375(d) (providing that a person who has sexual
intercourse with another person commits first degree rape if the victim is "incapable of consent
by reason of mental defect, mental incapacitation or physical helplessness."). Ms. Carlson also
testified that Mr. O'Connor raped her. Foley Decl. Ex. 3, at 4, 8. Consent (or lack thereof) aside,
Mr. O'Connor intentionally engaged in sexual relations with Ms. Carlson. Even if Mr. O'Connor
did not intend to harm Ms. Carlson or mistakenly thought she provided valid consent, the
intentional acts exclusion applies.

Further, what transpired between Mr. O'Connor and Ms. Carlson is not an "occurrence"
under the policy. The policy defines "occurrence" as "an accident, including continuous or
repeated exposure to substantially the same general harmful conditions during the policy period,
resulting in **bodily injury** or **property damage**." Foley Decl. Ex. 2, at 21. No reasonable jury
could find that Mr. O'Connor's conduct, whether criminal or not, was accidental.

Because there is no genuine dispute of material fact regarding whether Mr.

O'Connor's actions were intentional, criminal, or an occurrence, Plaintiff's Motion for

Summary Judgment is GRANTED. Plaintiff is not obligated to indemnify Mr. O'Connor.

## **CONCLUSION**

Plaintiff's Motion for Partial Summary Judgement (ECF No. 39) is GRANTED.


IT IS SO ORDERED.

DATED this 28th day of August, 2020.


   s/Michael J. McShane    
**Michael J. McShane**
**United States District Judge**

5 – OPINION AND ORDER